**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

X.AI LLC; CTC PROPERTY LLC; AND
MZX TECH LLC,

*Plaintiffs*,

v. Case No. 2:26-cv-02994-BCL-atc

DARANA HYBRID, INC.; CUTTELL
MOTORSPORTS, LLC
D/B/A INTERNATIONAL HOT ROD
ASSOCIATION; and DARRYL CUTTELL,

*Defendants*.

---

# ORDER GRANTING MOTION TO CONSOLIDATE

---

Pursuant to Federal Rule of Civil Procedure 42(a), Plaintiffs in Case No. 2:26-cv-02994-BCL-atc ("*Darana I*") filed a motion for consolidation with Case No. 2:26-cv-03037-BCL-atc ("*Darana II*"), in which some of them are also Defendants. A similar motion was filed in *Darana II*. Defendants in *Darana I*, one of whom is the Plaintiff in *Darana II*, do not dispute the propriety of consolidation.

The Court agrees that consolidation is proper because these cases involve common questions of law and fact concerning the interpretation and/or breach of the same contract. Fed. R. Civ. P. 42(a). The Court agrees that consolidation would promote judicial economy and efficiency, while avoiding duplicative discovery and motions practice. Consolidation of these cases is **GRANTED**.

However, parties do not agree as to which should be the master docket. Plaintiffs in *Darana I* argue *Darana I* should be the lead since that case was filed first in the Western District of

Tennessee, and features "several extra parties – xAI as a plaintiff and IHRA and Cuttell as defendants – who are not in *Darana II*." Doc. 26-1 at 8. Defendants in *Darana I* respond that they "do not contest that consolidation of these cases is appropriate," Doc. 31 at 8, but argue that *Darana II* should be the lead as it was filed first in state court then removed, and "third-party countercomplaints are common, especially in the construction context, and are something the parties and the Court are more than capable of addressing." Doc. 31 at 7. Defendants in *Darana I* also raise that if *Darana I* was the lead, there "would be substantial prejudice," *id.* at 4, as they would "be deprived of the right to be plaintiff, obtained by filing first, simply because [opposing parties] delayed removal and instead filed a separate suit," *id.* at 6.

"Historically, in this district, when cases are consolidated, they are normally assigned the earlier-filed case number, and the other case is generally administratively closed." *Ach Food Companies, Inc. v. Wiscon Corp.*, No. 04-2589-BV, 2004 WL 3314916, at *1 (W.D. Tenn. Dec. 30, 2004). And all agree that *Darana I* was filed earlier than *Darana II* in this District. That would appear to be one way to resolve this issue.

However, Defendants in *Darana I* argue that the Court should instead apply the "first-to-file" rule. Doc. 31 at 8. They argue that rule applies in their favor because *Darana II* was filed in Shelby County Chancery Court on August 3, 2026. *Id*. at 2. And so even though *Darana II* was removed from state court on August 11, 2026, *Darana I* was still filed later on August 4, 2026.

The Court does not find that the "first-to-file" rule applies in this context. The rule "is a prudential doctrine that grows out of the need to manage *overlapping litigation across multiple districts*." *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 789 (6th Cir. 2016) (quoting *Certified Restoration Dry Cleaning Network, LLC v. Tenke Corp.*, 511 F.3d 535, 551 (6th Cir. 2007) (emphasis added)). It is a rule that "encourages comity among *federal courts of equal rank*,"

and "protects the parties and the courts from *the possibility of conflicting results*." *Id.* (citations omitted) (emphasis added). Defendants in *Darana I* have provided no persuasive argument that these considerations are applicable in the context of consolidating cases in one district after removal. *Cf. William Powell Co. v. Nat'l Indem. Co.*, 18 F.4th 856, 875 (6th Cir. 2021) (quoting *Colorado River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)) ("[A]s between state and federal courts, the rule is that 'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal court having jurisdiction.'").

Independently, having *Darana II* as the lead would result in a much more confusing posture. With *Darana I* as the lead, all relevant parties are named despite there being counterclaims by one defendant against two plaintiffs. With *Darana II* as the lead, there would be both a counterclaim plaintiff who is not a defendant as well as two counterclaim defendants who are not plaintiffs. Without authority requiring otherwise, the Court shall abide by the predominant local practice and simpler procedural outcome.

## CONCLUSION

Upon review and consideration, and for the reasons set forth in the Motion, the Court hereby orders that the Motion is **GRANTED**. Case No. 2:26-cv-02994-BCL-atc and Case No. 2:26-cv-03037-BCL-atc are **CONSOLIDATED** for all purposes. Case No. 2:26-cv-02994-BCL-atc shall be designated as the lead case, and the parties shall make all future filings in that docket. 2:26-cv-03037-BCL-atc is **ADMINISTRATIVELY CLOSED**.

**IT IS SO ORDERED**, this 4th day of September, 2026.

s/ *Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE