**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**X.AI LLC, CTC PROPERTY, LLC,**
**and MZX TECH, LLC,**

**Plaintiffs,**

**v.** **No. 2:26-cv-02994-BCL-atc**

**DARANA HYBRID, INC.,**
**CUTTELL MOTORSPORTS, LLC**
**d/b/a INTERNATIONAL HOT ROD**
**ASSOCIATION, and DARRYL CUTTELL,**

**Defendants.**

---

**DARANA HYBRID, INC.,**

**Consolidated Plaintiff,**

**v.** **No. 2:26-cv-03037-BCL-atc**

**CTC PROPERTY, LLC, and**
**MZX TECH, LLC**

**Consolidated Defendants.**

---

**DEFENDANTS DARRYL CUTTELL AND CUTTELL MOTORSPORTS, LLC D/B/A INTERNATIONAL HOT ROD ASSOCIATION'S MEMORANDUM IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

---

Defendants Cuttell Motorsports, LLC d/b/a International Hot Rod Association ("IHRA") and Darryl Cuttell ("Cuttell") respectfully submit this Memorandum of Law in support of their Partial Motion to Dismiss Plaintiffs' Amended Complaint, filed contemporaneously herewith, and state as follows.

## I. PRELIMINARY STATEMENT

Cuttell and IHRA filed a Motion to Dismiss Plaintiffs' original Complaint on August 27, 2026. Rather than respond directly to Cuttell and IHRA's Motion to Dismiss, on September 17, 2026, Plaintiffs filed their Amended Complaint. Despite Plaintiffs' attempts to remedy defects in their pleading noted by Cuttell and IHRA's original Motion to Dismiss, the Amended Complaint still asserts multiple claims for relief which must be dismissed.

Plaintiffs' 246-paragraph, eleven-count Amended Complaint tells one basic story: Plaintiff CTC Property, LLC ("CTC") and Defendant Darana Hybrid, Inc. ("Darana") entered into a single construction contract, the Master Services Agreement ("MSA"), and Plaintiffs allege Darana breached various provisions of it. Rather than plead that story as a single breach-of-contract claim supported by multiple factual bases, as Rule 8 contemplates and as Plaintiffs themselves did within Count One (combining the markup-cap and phantom-labor theories in one count), Plaintiffs instead split what is, at most, one contract claim into six separate counts (Counts One, Two, Four, Five, Nine and Ten), each keyed to a different MSA section but each seeking to redress the same injury: money Plaintiffs paid Darana, or overpaid Darana, under the same agreement. That multiplication of counts is duplicative and needlessly complicates the pleadings. Counts Two, Four, Five, Nine and Ten should be dismissed as duplicative of Count One or, in the alternative, should be consolidated into a single breach-of-contract count.

Separately, Count Eight repackages the same overbilling and payment-diversion allegations as "fraud." Furthermore, Count Eight lumps Darana and Cuttell together but still fails to identify any specific statement made by Cuttell, when he made it, to whom he made it, and how he personally participated in any alleged fraud as required by Rule 9. Moreover, it fails to plead any specific facts showing that Cuttell made any statement with a lack of intent to perform when

the statement was made. Because Count Eight fails that heightened pleading standard, it should be dismissed. Several claims also name parties against whom the elements are not pleaded. Darryl Cuttell did not sign the MSA in his personal capacity. Count Six (Conversion) alleges that Darana alone induced, received, and exercised dominion over the payment; Count Seven (Unjust Enrichment) alleges that Darana alone received and retained the asserted benefit.

Simply put, this is a payment action, a very expensive one, but a payment action nonetheless, and the Court should not allow Plaintiffs to overcomplicate their claims and recharacterize them as anything other than what they are, breach of contract or unjust enrichment claims between CTC and Darana.

## II. LEGAL STANDARDS

### A. Rule 12(b)(6).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and must state "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Threadbare recitals of a cause of action's elements, supported by mere conclusory statements, do not suffice. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). While the Court accepts well-pleaded factual allegations as true, it need not accept legal conclusions couched as factual allegations. *Nwanguma v. Trump*, 903 F.3d 604, 611 (6th Cir. 2018) (citing *Twombly*, 550 U.S. at 555).

### B. Rule 9(b).

"In alleging fraud or mistake, a party must state with particularity the circumstances constituting fraud or mistake." Fed. R. Civ. P. 9(b). In this Circuit, that means, at a minimum, the plaintiff must allege "the time, place, and content of the alleged misrepresentation on which [it] relied; the fraudulent scheme; the fraudulent intent of the defendants; and the injury resulting from

the fraud." *Sanderson v. HCA-The Healthcare Co.*, 447 F.3d 873, 877 (6th Cir. 2006); *accord Advocacy Org. for Patients & Providers v. Auto Club Ins. Ass'n*, 176 F.3d 315, 322 (6th Cir. 1999). Where multiple defendants are named, Rule 9(b) requires the plaintiff to plead fraud with particularity "as to each defendant" individually; lumping defendants together and referring only to "defendants'" misrepresentations, without identifying which defendant said or did what, does not satisfy the Rule. *See Republic Bank & Trust Co. v. Bear Stearns & Co.*, 683 F.3d 239, 256 (6th Cir. 2012). And where the alleged fraud consists of a broken promise of future performance, the complaint must plead specific facts giving rise to a strong inference that the promisor had no intention of performing at the time the promise was made; a subsequent failure to perform, standing alone, does not amount to fraud. *Kim v. Wells Fargo Bank, N.A.*, 2017 WL 11921313, at *6-7 (W.D. Tenn. Feb. 28, 2017); *see also Isaac v. Ctr. For Spine, Jt., and Neuromuscular Rehab., P.C.*, 2011 WL 2176578, at *6 (Tenn. Ct. App. June 1, 2011) ("It is essential to recognize that, in the context of a claim of promissory fraud, the mere fact that the promisor failed to perform the promised act is insufficient by itself to prove fraudulent intent. This is because not every broken promise starts with a lie." (alterations and quotations in original omitted)).

## III. ARGUMENT

### A. COUNT EIGHT (FRAUD) IMPERMISSIBLY LUMPS DARANA AND CUTTELL TOGETHER

Throughout Count Eight, the Amended Complaint attributes each misrepresentation to "Darana" without ever specifying any statement made by Cuttell himself. *See* Am. Compl. at ¶ 219-228. The allegations of Count Eight fail to attribute any allegedly fraudulent statements to Cuttell or on what basis Cuttell personally is alleged to have known of, directed, or participated in any specific misrepresentation. *See id.* Nor does it identify, who he made it to, when he made it, and how he personally participated in the fraud. Because Cuttell is named individually as a

defendant to Count Eight, Rule 9(b) required Plaintiffs to plead the circumstances of the fraud as to Cuttell specifically, not simply impute Darana's corporate conduct to him by association. *Republic Bank & Tr. Co.*, 683 F.3d at 255-56; *Herron v. Tennessee*, 2019 WL 4145242, at *2 (W.D. Tenn. Aug. 30, 2019) ("Plaintiff does not allege any misconduct by these Defendants. When a complaint fails to allege any actionable conduct or omission by a Defendant, it necessarily fails to 'state a claim for relief that is plausible on its face.'" (quoting *Twombly*, 550 U.S. at 570)); *Lathan v. Corrections Ctr. of N.W. Ohio*, 391 F. Supp. 3d 756, 760 (N.D. Ohio 2019) ("Because plaintiff has not pleaded that these defendants engaged in the alleged misconduct, his complaint does not state any claims against them.").

For each of these reasons, Count Eight against Cuttell should be dismissed under Rules 9(b) and 12(b)(6). *See United States v. Walgreen Co.*, 846 F.3d 879, 882 (6th Cir. 2017) ("The point of Civil Rule 9(b) is to prevent, not facilitate, casual allegations of fraud."). Additionally, to the extent they are not covered by the arguments above, the arguments made by Darana in Section III.A of Darana's Memorandum in Support of its Motion to Dismiss Amended Complaint apply here and are equally applicable to Cuttell and IHRA. Plaintiffs have not alleged any independent duty outside of alleged breaches of contract to support their fraud claims against Cuttell and IHRA. And just as sub-allegation (c) of Count Eight does not allege any specific facts showing that Darana made any statement with no intention of complying or that it lacked any intention to honor the remittance instructions at the moment the agreement was reached as required by Rule 9, it makes no allegation that Cuttell made any such statement. Thus, those arguments are equally applicable to Cuttell, such that Cuttell adopts, joins, and incorporates those arguments by reference as if restated here.

**B. THE BREACH-OF-CONTRACT CLAIMS AGAINST CUTTELL INDIVIDUALLY SHOULD BE DISMISSED BECAUSE HE IS NOT A PARTY TO THE MSA.**

Counts One, Two, Four, Five, Nine, and Ten are also brought against Cuttell individually, but the MSA defines only Darana as the "Contractor," Am. Compl. ¶ 29; *see also,* Am. Compl. at Exh. 1. Cuttell did not execute the MSA, Amendment One, or Amendment Two in his personal capacity. To the contrary, the Amended Complaint alleges that Cuttell's only individual role under the MSA, as amended, was as a "Recipient" of a personal equity incentive under Amendment One and Amendment Two, a status expressly tied to Cuttell's own compliance with the exclusivity provision and unrelated to Darana's performance obligations as Contractor. Am. Compl. ¶¶ 63–57. Tennessee law maintains a strict barrier against personal liability for corporate contract obligations. An individual who owns or controls a corporation cannot be held personally liable for the entity's contractual commitments.

Cuttell's signature for Darana does not bind him personally. "It is generally accepted that the corporation is an entity distinct from its shareholders with rights and liabilities not the same as theirs individually and severally. The corporation and its directors and officers are similarly not the same personality." *Keller v. Estate of McRedmond*, 495 S.W.3d 852, 866 (Tenn. 2016) (citation omitted). Courts must respect the separate legal status of a corporation and its shareholders, officers and directors. *See*, *Cambio Health Sols., LLC v. Reardon,* 213 S.W.3d 785, 790 (Tenn. 2006). As a separate legal entity, a corporation can sue and be sued and can enter into contracts in its own name. *Keller*, 495 S.W.3d at 866.

"It is generally held that corporate officers are not individually liable upon contracts wherein the corporate name is signed and is followed directly by names of officers of the corporation to which are added words denoting their representative capacity." *Anderson v. Davis*,

234 S.W.2d 368, 369–70 (Tenn. Ct. App. 1950). A corporate officer's signature, preceded by the corporation's name and followed by words denoting the officer's representative capacity, binds only the corporation and not the individual. *Hight v. Tramel*, 2020 WL 6748789 at *5, (Tenn. Ct. App. 2020) (quoting, *Bill Walker & Assoc., Inc. v. Parrish*, 770 S.W.2d 764, 770 (Tenn. Ct. App. 1989)). Only the signature of an individual, without limiting or descriptive words before or after it, is the method of signing a contract to assume a personal obligation. *Id.*

"In most cases, a representative who signs a contract is not personally bound to the contract." *84 Lumber Co. v. Smith*, 356 S.W.3d 380, 382 (Tenn. 2011) (citing, *Dominion Bank of Middle Tenn. v. Crane,* 843 S.W.2d 14, 19 (Tenn. Ct. App.1992)). A representative who signs a contract may be personally bound only when the *clear intent* of the contract is to bind the representative. *Id.* (emphasis added). "Whether or not a particular contract shows a clear intent that one of the parties was contracting as an individual or in a representative capacity, must be determined *from the contract itself*." *Id.* at 383 (emphasis in original) (citations omitted).

Here, only Darana signed the MSA, and Cuttell signed for Darana solely in a representative capacity. The MSA evidences no clear intent that Cuttell was entering into the agreement in his individual capacity. Just the opposite, the MSA clearly shows only Darana agreed to be bound by the terms of the MSA. Cuttell cannot be held personally liable for Darana's alleged breaches of a contract he did not sign in his individual capacity, and he should be dismissed from Counts One, Two, Four, Five, Nine, and Ten.

Notwithstanding that, if the Court finds that Cuttell may be sued for breach of contract, Cuttell joins, adopts, and incorporates by reference the arguments made in Sections III.C, III.D, and III.E of Darana's Memorandum in Support of its Motion to Dismiss Amended Complaint. For Section III.C, just as with the claims against Darana, maintaining six separate breach-of-contract

counts against Cuttell for a single agreement serves no purpose other than to inflate the Amended Complaint, complicate the pleadings, and risk duplicative or inconsistent damages awards for what is, at bottom, one course of contractual dealing. For Section III.D, just as MZX Tech, LLC ("MZX") lacks standing to sue Darana under the MSA, it would similarly lack standing to sue Cuttell under the MSA. For Section III.E, if the forum selection clause is unenforceable against Darana, it would be equally unenforceable against Cuttell. Thus, those arguments are equally applicable to Cuttell as Darana, and out of the interest of brevity and judicial efficiency, Cuttell joins Darana's Motion, and adopts and incorporates those arguments in Darana's Supporting Memorandum by reference as if restated here. Cuttell similarly asks that should the Court find Cuttell can be sued under the MSA at the Motion to Dismiss stage but also grant Darana's Motion as to those claims and arguments, it grant the same relief to Cuttell.

Additionally, Cuttell cannot be found to have violated the forum selection clause because Cuttell did not file any lawsuit in Mississippi. Instead, it was only Darana that filed suit in Mississippi, thus that claim against Cuttell should be dismissed as well. *See* Ex. A to Darana's Mem. in Supp. of Mot. to Dismiss Am. Compl. (Mississippi Complaint).

### C. IHRA AND CUTTELL SHOULD BE DISMISSED FROM COUNT SEVEN (UNJUST ENRICHMENT) BECAUSE THE AMENDED COMPLAINT ALLEGES ONLY THAT DARANA WAS ENRICHED.

Count Seven is nominally brought by CTC and MZX "Against All Defendants," naming Darana, IHRA, and Cuttell. But the elements of an unjust enrichment claim under Tennessee law require, as to each defendant, (1) a benefit conferred on that defendant, (2) that defendant's appreciation of the benefit, and (3) that defendant's acceptance of the benefit under circumstances making it inequitable for that defendant to retain it without payment. *Freeman Indus., LLC v. Eastman Chem. Co.*, 172 S.W.3d 512, 525 (Tenn. 2005) (quoting *Paschall's, Inc. v. Dozier*, 219

Tenn. 45, 407 S.W.2d 150, 155 (1966)). While Tennessee law does not require that the benefit conferred be direct, it still requires that the specific defendant received some benefit, direct or indirect, at the plaintiff's expense. *Id.* Every substantive allegation in Count Seven, however, is directed solely at Darana: the Amended Complaint alleges that "Darana's above actions . . . caused CTC and MZX to lose the financial benefit," that "Darana was unjustly enriched at the expense of . . . CTC and MZX," and that "Darana was unjustly enriched, inter alia," by charging excessive amounts, charging for out-of-scope work, and diverting the $44.39 million payment. Am. Compl. ¶¶ 212-218. While Darana denies these allegations, Count Seven contains no allegation, direct or indirect, that IHRA or Cuttell personally received, appreciated, or retained any benefit at Plaintiffs' expense. Because the Amended Complaint does not allege that IHRA or Cuttell were enriched at all, Count Seven fails to state a claim against them.

### D. THE CONVERSION CLAIM IS DUPLICATIVE OF THE BREACH OF CONTRACT CLAIMS AND SHOULD BE DISMISSED

Count Six should first be dismissed as to Cuttell for the straightforward reason that it alleged no conversion by him. Under Tennessee law, conversion requires, among other elements, that the defendant personally appropriate another's property through an intentional exercise of dominion in defiance of the owner's rights. *Commc'ns Unlimited Contracting Servs., Inc. v. Comdata, Inc.*, 611 F. Supp. 3d 483, 497 (M.D. Tenn. 2020). Yet every operative allegation identifies Darana alone: Darana allegedly induced the payment, Darana allegedly converted it, and Darana allegedly exercised dominion over it. Am. Compl. ¶¶ 207-210. Count Six does not allege that Cuttell possessed the funds, directed a transfer, selected any payment, or otherwise exercised dominion over the determinate sum. He should therefore be dismissed from Count Six under Rule 12(b)(6).

Separately, Count Six should be dismissed in its entirety because it repackages the same alleged disposition of the July 2 payment pleaded as breach of contract in Count Five. Plaintiffs

identify no duty of Cuttell concerning the payment independent of the alleged MSA and July 2 contractual obligations. *See Mid-S. Milling Co., Inc. v. Loret Farms, Inc.*, 521 S.W.2d 586, 588 (Tenn. 1975) ("A contract may be negligently or fraudulently breached and the cause of action remain in contract rather than in tort."); *see also Thomas & Associates, Inc. v. Metro. Govt. of Nashville*, 2003 WL 21302974, at *6 (Tenn. Ct. App. June 6, 2003) ("Ordinarily, it is not a tort for one of the contracting parties to breach the contract. Conduct constituting breach of contract becomes tortious only when it also violates a duty, independent of the contract, arising from wider principles of social responsibility."); *Raymond James & Assocs., Inc. v. 50 N. Front St. TN, LLC*, 2020 WL 4366091, at *12 (W.D. Tenn. July 30, 2020) ("Courts should be particularly skeptical of business plaintiffs who—having negotiated an elaborate contract or having signed a form when they wish they had not—claim to have a right in tort whether the tort theory is negligent misrepresentation, strict tort, or negligence." (quotations omitted)); *see also Comdata, Inc.*, 611 F. Supp. 3d at 496 (dismissing plaintiff's conversion claim because the "claim for conversion is basically another re-casting of [plaintiff's] contract claim"). Count Six should be dismissed.

At a minimum Count Six should be dismissed to the extent it asserts a claim against Cuttell as every factual allegation supporting Count Six is limited to only conduct by Darana alone: Darana "induced" CTC and MZX to make the $44.39 million payment, Darana "converted" the payment, and Darana "intentionally exercised dominion over the payment." Am. Compl. ¶¶ 207–210. Notably, Cuttell is not mentioned anywhere in the factual allegations supporting Count Six, and the Amended Complaint does not allege that Cuttell personally appropriated, exercised dominion over, or otherwise took possession of the funds at issue - all prerequisites of a meritorious conversion claim.

## IV. CONCLUSION

This is a payment action, a very expensive one, but a payment action nonetheless, and the Court should not allow Plaintiffs to overcomplicate their claims and recharacterize them as anything other than what they are, breach of contract or unjust enrichment claims between CTC and Darana. For the foregoing reasons and those incorporated by reference here and stated in Darana's Motion to Dismiss, Defendants Cuttell and IHRA respectfully request that the Court dismiss the following claims in their entirety: (1) Count Eight for Fraud because the Amended Complaint does not identify an independent duty to Plaintiff and is duplicative of the breach of contract claim under Rules 9(b) and 12(b)(6); (2) Count Ten for breach of the forum selection clause because the Mississippi lien claims could not be adjudicated in Tennessee; (3) Count Six for conversion as duplicative of the breach of contract claims; (4) Counts Two, Four, Five, Nine and Ten for breach of contract as duplicative of Count One, or in the alternative, order those counts consolidated with Count One for all further proceedings; an (5) MZX Tech LLC's claims for breach of contract asserted in Counts One, Two, Five, Nine and Ten for lack of standing. Defendants Cuttell and IHRA seek partial dismissal of Count Eleven for Declaratory Judgment to the extent it seeks a declaration that the MSA covered work in Mississippi, because it clearly did not.

Alternatively, Defendants Cuttell and IHRA respectfully requests dismissal of the following claims to the extent they assert claims against them: (1) Counts One, Two, Four, Five, Nine and Ten, or a consolidated Count One, because Cuttell is not a party to the MSA; (2) Count Six for conversion because it does not allege any individual conversion by him; (3) Count Seven for Unjust Enrichment because it does not allege Cuttell or IHRA received any enrichment; and (4) Count Eight for Fraud because it impermissibly lumps Darana and Cuttell together.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ *Jeremy G. Alpert*

Jeremy G. Alpert (TN #19277)
Ross E. Webster (TN #24784)
S.T. Rayburn (TN #041634)
6000 Poplar Avenue, Ste. 400
Memphis, Tennessee 38119
(901) 525-1322
jalpert@glankler.com
rwebster@glankler.com
srayburn@glankler.com

and

Marc A. Sanchez (admitted *pro hac vice*)
Andrew M. Hanna (admitted *pro hac vice*)
FRANTZ WARD LLP
200 Public Square, Ste. 3000
Cleveland, OH 44114
(216) 515-1660
msanchez@frantzward.com
ahanna@frantzward.com

*Attorneys for Defendants*
*Darana Hybrid, Inc.,*
*Cuttell Motorsports, LLC d/b/a*
*International Hot Rod Association*
*and Darryl Cuttell*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record, via email and/or the Court's electronic filing system to all counsel of record, this 1st day of October, 2026.

/s/ *Jeremy G. Alpert*