**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| X.AI LLC, CTC PROPERTY LLC, and MZX TECH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DARANA HYBRID, INC., CUTTELL MOTORSPORTS, LLC d/b/a INTERNATIONAL HOT ROD ASSOCIATION, and DARRYL CUTTELL,<br><br>Defendants. | Civil Action No. 2:26-cv-02994<br>Judge Brian C. Lea |
| DARANA HYBRID, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>CTC PROPERTY LLC and MZX TECH LLC,<br><br>Counter-Defendants. | |

**[PROPOSED] PROTECTIVE ORDER**

For good cause shown pursuant to Federal Rule of Civil Procedure 26(c), this Protective Order shall govern the production and use of confidential and proprietary information in these cases, and the Court hereby ORDERS, as follows:

1. Any party may designate as Confidential Information (by stamping the relevant page or otherwise as set forth herein) any document or response to discovery which that party considers in good faith to contain information involving confidential business or security information or information invasive of legitimate privacy interests. Only documents or

discovery responses that are stamped or designated "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" when produced by a party shall be entitled to be treated as Confidential Information pursuant to the terms of this Order. All information that the parties designate as "CONFIDENTIAL" or "CONFIDENTIAL ATTORNEYS' EYES ONLY" shall be used only for purposes of the present matter, and for no other purpose.

2. With respect to deposition transcripts and exhibits, the producing party or that party's counsel may indicate on the record that a question calls for Confidential or Confidential Attorneys' Eyes Only Information, in which case the transcript of the designated testimony shall be marked accordingly by the reporter. Alternatively, with respect to deposition transcripts and exhibits, no later than ten (10) business days following receipt of the transcript from the reporter, the producing party or that party's counsel may identify, by page and line number, testimony to be designated Confidential or Confidential Attorneys' Eyes Only Information, in which case the transcript of the designated testimony shall be marked accordingly by the reporter. Unless otherwise agreed by all parties, transcripts shall be treated as Confidential for ten (10) business days following receipt of the transcript from the reporter.

3. Except with the prior written consent of the designating party or non-party, or upon prior order of this Court obtained upon notice to the designating party or non-party, Confidential Information shall not be disclosed to any person other than:

(a) The parties of record, counsel of record, and employees of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(b) Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached as Exhibit 1;

(c) Any authors or addressees of the Confidential Information;

(d) The Court, court personnel, court reporters, or any person chosen to mediate this action;

(e) Any other person whose testimony is taken or is to be taken in this litigation, except that such a person may only be shown Confidential Information during his or her testimony and in preparation for it and only to the extent necessary for such preparation and testimony and only after being advised by counsel of this Order, its meaning and purpose; and

(f) Third party vendors retained to copy, reproduce, or store discovery materials.

4. Confidential Attorneys' Eyes Only Information shall not be disclosed to any person other than:

(a) The counsel of record;

(b) The Court, court personnel, court reporters, or any person chosen to mediate this action;

(c) Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached as Exhibit 1;

(d) Third party vendors retained to copy, reproduce, or store discovery materials.

5. All information and/or data at any time contained on, produced with, or obtained from the engineering platform Procore, including, but not limited to, any and all engineering designs or information contained therein, shall be automatically designated Confidential Attorneys' Eyes Only Information. During the pendency of this litigation, Defendants / Counter-Plaintiff shall restrict access to Procore and any and all data contained therein to outside counsel of record solely for the purposes of litigating the present matter and for no other purposes.

6. Any persons receiving Confidential or Confidential Attorneys' Eyes Only Information shall not reveal to or discuss such information with any person who is not entitled to receive such information, except as set forth herein.

7. If any party desires that materials containing Confidential or Confidential Attorneys' Eyes Only information be filed with the Court, that party shall file the materials under seal or with redactions to all Confidential or Confidential Attorneys' Eyes Only information.

8. The restrictions and obligations of this Order shall not apply to any information that is public knowledge through no fault of any party to this Order.

9. If a party contends that any material is not entitled to designation as Confidential or Confidential Attorneys' Eyes Only Information, such party may at any time give written notice challenging such designation to the party or non-party who designated the material as Confidential or Confidential Attorneys' Eyes Only Information. The party or non-party who designated the material shall have fourteen (14) days from the receipt of such written notice to respond unless the Court orders a shorter or longer time. The challenging party may at any time apply to the Court for an order removing the designation of the material. The party or non-party who designated the material shall have fourteen (14) days to respond to such a motion unless the Court orders a shorter or longer time.

10. Notwithstanding any challenge to the designation of material as Confidential or Confidential Attorneys' Eyes Only Information, all documents or discovery responses so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) The party or non-party who claims that the material is Confidential or Confidential Attorneys' Eyes Only Information withdraws such designation in writing; or

(b) The Court rules the material is not entitled to protection as Confidential or Confidential Attorneys' Eyes Only Information.

11. The parties shall, within 90 days of the conclusion of this action, destroy all documents containing Confidential or Confidential Attorneys' Eyes Only Information produced by any other party or non-party, or, upon request of the producing party, shall return such information. Within 90 days of the conclusion of this action, the parties shall further provide written confirmation that all such information has been destroyed and/or returned.

12. Defendants / Counter-Plaintiff shall also, within 10 days of the conclusion of this action: (1) return to Plaintiffs / Counter-Defendants all data from Defendants / Counter-Plaintiff's instance of Procore, including, but not limited to, all engineering designs produced or contained on Procore and any access logs identifying who has accessed and/or downloaded information from Procore; (2) delete Defendants / Counter-Plaintiff's instance of Procore in its entirety; and (3) confirm in writing to Plaintiffs / Counter-Defendants that (i) Defendants / Counter-Plaintiff have deleted their instance of Procore, (ii) Defendants / Counter-Plaintiff have searched for and deleted all information contained on, produced with, or obtained from Defendants / Counter-Plaintiff's instance of Procore, and (iii) no individual, whether employed by Darana or not, has continuing access to any information contained on, produced with, or obtained from Defendants / Counter-Plaintiff's instance of Procore.

13. Nothing herein shall be deemed to waive any applicable privilege or work product protection or to affect the ability of a party to seek relief for an inadvertent disclosure of material protected by privilege or work product protection.

14. Any non-party from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the non-party's respective counsel or by oral advice at the time of any deposition or similar proceeding.

15. Production of any Confidential or Confidential Attorneys' Eyes Only Information by a non-producing party in response to an apparently lawful subpoena, motion, or order of or in any court or other governmental agency in another action shall not be deemed a violation of any of the terms of this Order. However, the party receiving such subpoena, motion, or order shall first promptly notify the producing party and, prior to production, if it can be done without placing the non-producing party in violation of the subpoena, motion, or order, shall give the producing party the opportunity to secure confidential treatment, whether by protective order or otherwise, for such materials upon terms comparable to those applicable to such materials under the terms of this Order and/or seek to block the production.

16. Any party may apply at any time to the Court for modification of, or an exception to, this Order.

17. This Order is effective immediately and will remain in effect pending any appeal relating to it, subject to any contrary orders of an appellate court. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO ORDERED on this the _____ day of _____ 2026.

______________________________
HON. BRIAN C. LEA
U.S. DISTRICT COURT JUDGE

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR
THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| X.AI LLC, CTC PROPERTY LLC, and MZX TECH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DARANA HYBRID, INC., CUTTELL MOTORSPORTS, LLC d/b/a INTERNATIONAL HOT ROD ASSOCIATION, and DARRYL CUTTELL,<br><br>Defendants. | Civil Action No. 2:26-cv-02994<br>Judge Brian C. Lea |
| DARANA HYBRID, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>CTC PROPERTY LLC and MZX TECH LLC,<br><br>Counter-Defendants. | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, ________________________________, acknowledge that I have read and understand Plaintiffs' Protective Order in these actions governing the non-disclosure of information that has been designated as "Confidential" or "Confidential Attorneys' Eyes Only" Information. I agree that I will not disclose such information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under Plaintiffs' Protective Order, I understand that I am submitting myself to the jurisdiction of the United States

District Court for the Western District of Tennessee for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of Plaintiffs' Protective Order could subject me to punishment for contempt of Court.

DATED: _______________ By: ____________________________________