**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | |
|---|---|
| X.AI LLC, CTC PROPERTY LLC, and MZX TECH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DARANA HYBRID, INC., CUTTELL MOTORSPORTS, LLC d/b/a INTERNATIONAL HOT ROD ASSOCIATION, and DARRYL CUTTELL,<br><br>Defendants. | Civil Action No. 2:26-cv-02994-BCL-atc<br>Judge Brian C. Lea |
| DARANA HYBRID, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>CTC PROPERTY LLC and MZX TECH LLC,<br><br>Counter-Defendants. | |

**DECLARATION OF DANIEL W. VAN HORN**

I, Daniel W. Van Horn, declare as follows:

1. I am a partner with Butler Snow LLP, counsel for Plaintiffs X.AI LLC, CTC Property LLC, and MZX Tech LLC in the above-captioned Action.

2. I make this Declaration in support of Plaintiffs' Motion for Protective Order, filed concurrently herewith. Unless otherwise stated, the following facts are within my personal knowledge and, if called and sworn as a witness, I could and would testify competently thereto.

3. Beginning in July 2026, Plaintiffs' counsel asked Defendants' counsel to have Darana return all CTC Confidential Information, including certain highly sensitive electronically

stored information, and to confirm that such information had been deleted from Darana's systems.

4. On August 18, 2026, in connection with those discussions, I spoke by telephone with Jeremy G. Alpert, counsel for Defendants, regarding Darana's response to Plaintiffs' request that Darana return and delete this Confidential Information, and terminate its access thereto. During that call, Defendants' counsel raised concerns about preservation of potentially relevant information and Darana's need to access this information for purposes of litigating its claims and defenses in this action.

5. During that same call, Mr. Alpert and I discussed addressing Plaintiffs' confidentiality concerns through an agreement governing this information. I understood that to mean that Defendants were willing to consider a confidentiality agreement or protective order regarding the information.

6. On August 24, 2026, Mr. Alpert sent me an email stating, among other things: "Sounds like we should be good with a confidentiality agreement . . . . [I]f it works for you, why don't you or someone on your side draft a proposed agreement. . . . Otherwise, send when ready and we'll review."

7. Plaintiffs thereafter prepared a proposed protective order addressing, among other things, the confidentiality and use of Plaintiffs' electronically stored Confidential Information to which Darana still had access. Duffy Decl. Ex. 1. On August 30, 2026, I sent Mr. Alpert a draft of Plaintiffs' proposed protective order. However, it became clear to me that there was some disconnect on the email that I sent Mr. Alpert on August 30. Thus, I communicated with Mr. Alpert and learned from him that he had somehow not received the draft protective order on

August 30. Therefore, on September 16, I resent it along with the August 30 email to him. He acknowledged receipt of the draft protective order on September 16.

8. Plaintiffs raised the protective order again during the parties' Rule 26(f) conference on September 16, 2026. On September 22, 2026, Defendants' counsel stated that Defendants were "preparing comments to the proposed protective order." Duffy Decl. Ex. 2 at 3. On September 29, 2026, Defendants' counsel stated that Defendants were "looking at the Protective Order now and will send comments." *Id*. at 1.

9. On September 30, 2026, in response to Plaintiffs' request for comments or sign-off on the protective order, Defendants' counsel stated: "Our client does not agree on the protective order and does not think one is necessary here." Duffy Decl. Ex. 2 at 1. Defendants did not provide comments, edits, or a counterproposal to Plaintiffs' proposed protective order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on October 6, 2026, in Memphis, Tennessee.

*/s/ Daniel W. Van Horn*
Daniel W. Van Horn

BUTLER SNOW LLP

*Counsel for Plaintiffs X.AI LLC, CTC Property LLC, and MZX Tech LLC*