**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | |
|---|---|
| **X.AI LLC, CTC PROPERTY LLC, and MZX TECH LLC,**<br><br>Plaintiffs,<br><br>v.<br><br>**DARANA HYBRID, INC., CUTTELL MOTORSPORTS, LLC d/b/a INTERNATIONAL HOT ROD ASSOCIATION, and DARRYL CUTTELL,**<br><br>Defendants. | Civil Action No. 2:26-cv-02994-BCL-atc<br>Judge Brian C. Lea |
| **DARANA HYBRID, INC.,**<br><br>Counterclaim Plaintiff,<br><br>v.<br><br>**CTC PROPERTY LLC and MZX TECH LLC,**<br><br>Counterclaim Defendants. | |

**SCHEDULING ORDER**

Pursuant to written notice, a scheduling conference was held on October 7, 2026, at 10:15 a.m. before Judge Brian C. Lea via Microsoft Teams Video Conference. Present for Plaintiffs and Counterclaim Defendants were Kenton J. Skarin of X.Ai, LLC; Daniel W. Van Horn and Katheryn Van Namen, of Butler Snow LLP; and Joshua D. Branson and Matthew M. Duffy of Kellogg, Hansen, Todd, Figel, & Frederick, P.L.L.C. Present for Defendants and Counterclaim Plaintiffs were Jeremy G. Alpert and Samuel Taylor Rayburn of Glankler Brown, PLLC; and Andrew M.

Hanna and Marc A. Sanchez of Frantz Ward LLP. Prior to the scheduling conference, on September 16, 2026, the parties met and conferred in compliance with Federal Rule of Civil Procedure 26(f). Following the conference, the following dates are established as the final deadlines for:

**INITIAL DISCLOSURES PURSUANT TO FED. R. CIV. P. 26(a)(1):** October 21, 2026

**MOTIONS TO JOIN PARTIES:** November 18, 2026

**MOTIONS TO AMEND PLEADINGS:** November 18, 2026

**MOTIONS TO DISMISS:** December 7, 2026

**ALTERNATIVE DISPUTE RESOLUTION:**

**(a)** **SELECTION OF MEDIATOR PURSUANT TO ADR PLAN SECTION 5.4(c):** To be provided to the Court per a notice by October 16, 2026.

If the parties fail to agree on a mediator by the scheduling conference, the Court will select a mediator and enter an Order informing the parties of the Court's selection.

**(b)** **ADR DEADLINE PURSUANT TO ADR PLAN RULE 4.3(a):** January 30, 2027

Mediator must file a Mediation Certification Form following mediation. The parties must file a notice reporting the mediation results within seven days thereafter, in compliance with Local Rule 16.3(d).

**DEADLINE TO RESPOND TO MOTION FOR PROTECTIVE ORDER:** October 16, 2026.

**COMPLETING ALL FACT DISCOVERY:** June 2, 2027

**(a)** **WRITTEN DISCOVERY:** April 19, 2027

**(b)** **DEPOSITIONS:** June 2, 2027

**COMPLETING ALL EXPERT DISCOVERY (Rule 26)**:

**(a)** **DISCLOSURE OF RULE 26 EXPERT INFORMATION SUPPORTING EACH PARTY'S AFFIRMATIVE CLAIMS, AFFIRMATIVE DEFENSES, AND DAMAGES:** June 16, 2027

(b) **REBUTTAL EXPERT DISCLOSURES:** August 4, 2027

(c) **EXPERT WITNESS DEPOSITIONS:** September 15, 2027

**MOTIONS TO EXCLUDE EXPERTS/DAUBERT MOTIONS:** September 15, 2027

**FILING DISPOSITIVE MOTIONS:** October 4, 2027

**MOTIONS IN LIMINE:** February 4, 2028

**JOINT PROPOSED PRETRIAL ORDER:** February 18, 2028

The Joint Proposed Pretrial Order shall be prepared in accordance with the template available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court). In addition to being filed, the Joint Proposed Pretrial Order shall be emailed in Word format to: ECF_Judge_Lea@tnwd.uscourts.gov.

**JOINT TRIAL PLAN AND EXHIBIT LIST:** February 18, 2028

The Joint Trial Plan and Joint Exhibit List should be prepared in accordance with the templates available on the Court's website (Judge Brian Lea | Western District of Tennessee | United States District Court).

**INDIVIDUALLY FILED WITNESS LISTS AND DEPOSITION DESIGNATIONS (AND OBJECTIONS THERETO AND COUNTER DESIGNATIONS):** February 18, 2028

Each party shall separately file its own witness list and deposition designations after conferring with the opposing party or parties concerning their positions, which shall be noted in the filings.

1. The **witness list** should indicate who will be called, in the absence of reasonable notice to the contrary, and those witnesses who only may be called. For each witness, the party calling the witness shall (1) provide a brief description of the subject matter and substance of the testimony and (2) identify those witnesses being called as expert witnesses. Any objection to a witness's testimony in general shall be noted in the witness list.

2. The **deposition designations** shall indicate those witnesses who will appear by deposition. The designating party shall: (1) identify the witness, (2) provide a brief explanation of the subject matter and substance of the testimony, (3) cite the inclusive pages and lines to be presented (and only those pages and lines), and (4) indicate whether the testimony will be offered in video form. Any objections to such testimony shall be noted, including the pages and lines. The filing shall similarly set out any counter designations.

**PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW:** February 18, 2028

**PRETRIAL CONFERENCE DATE:** February 25, 2028

**TRIAL MEMORANDA:** Each party shall submit a trial memorandum by February 22, 2028

**TRIAL[1]:** March 8, 2028

Trial is anticipated to last approximately **10 days**. The parties do not consent to trial before the Magistrate Judge.

**OTHER RELEVANT MATTERS**:

As required by Local Rule 26.1(e), the parties have conferred as to whether they will seek discovery of electronically stored information ("e-discovery"). The parties are continuing to confer regarding e-discovery and intend to submit the parties' e-discovery plan for the Court's approval.

The parties disagree about the need for a Protective Order in this case. As reflected in the above schedule, Defendants shall respond to the pending Motion for a Protective Order (Doc. 44) by October 16, 2026.

No depositions may be scheduled to occur after the discovery deadline. All motions, discovery requests, or other filings that require a response must be filed sufficiently in advance of the discovery deadline to enable the opposing party to respond by the time permitted by the Rules prior to that date.

Motions to compel discovery are to be filed and served within 45 days of the default or service of the response, answer, or objection that is the subject of the motion. However, if such default or service occurs within 30 days before the discovery deadline, the motion to compel must be filed within 30 days after such default or service.

The parties are ordered to engage in ADR before the deadline set forth above. Under ADR Rule 5.11(b), the mediator is to file a Mediation Certification within seven (7) days after the close of the mediation session reporting the date of the session, whether the case settled as a whole or in part and whether any follow up is scheduled. Pursuant to Local Rule 16.3(d), within seven (7) days of the ADR certification, the parties shall file a notice via ECF confirming that the ADR was conducted and indicating whether it was successful or unsuccessful, without disclosing the parties' respective positions at the ADR.

[1] At the scheduling conference held today, all Parties agreed that the trial in this case would proceed without a jury. After the conference, counsel for Defendant Darana Hybrid, Inc., emailed to state that "Darana Hybrid's original Complaint in Shelby County Chancery Court that was removed … included a jury demand and we did not intend to waive that." To the extent there is now disagreement on the nature of the trial—jury or non-jury—the Court leaves the issue open for now. All Counsel are advised that retractions of or other adjustments to positions taken on the record should likewise be made on the record (e.g., via a filed Notice), so that the official record accurately reflects the positions of the Parties and the reasons for any rulings.

Pursuant to Local Rule 7.2(a)(1)(A), all motions, except motions pursuant to Fed. R. Civ. P. 12, 56, 59, and 60, shall be accompanied by a proposed order in a word processing format sent to the ECF mailbox of the presiding judge.

Pursuant to Local Rule 7.2(a)(1)(B), the parties are required to consult prior to filing any motion (except motions filed pursuant to Fed. R. Civ. P. 12, 56, 59, and 60).

The opposing party must file a response to any opposed motion. **Pursuant to Local Rule 7.2(a)(2), a party's failure to respond timely to any motion, other than one requesting dismissal of a claim or action, may be deemed good grounds for granting the motion.**

Neither party may file an additional reply to any motion, other than a motion filed pursuant to Fed. R. Civ. P. 12(b) or 56, without leave of the Court. Pursuant to Local Rule 7.2(c), if a party believes that a reply is necessary, it shall file a motion for leave to file a reply within 7 days of service of the response, setting forth the reasons why a reply is required.

***This Order has been entered after consultation with the parties. Absent good cause shown, the deadlines set by this Order will not be modified or extended.***

**IT IS SO ORDERED**, this 7th day of October, 2026.

s/*Brian C. Lea*
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE