**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**X.AI LLC, CTC PROPERTY, LLC,**
**and MZX TECH, LLC,**

**Plaintiffs,**

**v.** **No. 2:26-cv-02994-BCL-atc**

**DARANA HYBRID, INC.,**
**CUTTELL MOTORSPORTS, LLC**
**d/b/a INTERNATIONAL HOT ROD**
**ASSOCIATION, and DARRYL CUTTELL,**

**Defendants.**

---

**DARANA HYBRID, INC.,**

**Consolidated Plaintiff,**

**v.** **No. 2:26-cv-03037-BCL-atc**

**CTC PROPERTY, LLC, and**
**MZX TECH, LLC**

**Consolidated Defendants.**

---

# PROTECTIVE ORDER

---

For good cause shown pursuant to Federal Rule of Civil Procedure 26(c), this Protective Order shall govern the production and use of confidential and proprietary information in these cases, and the Court hereby ORDERS, as follows:

1. Any party may designate as Confidential Information (by stamping the relevant page or otherwise as set forth herein) any document or response to discovery which, after a document specific review, a party reasonably considers in good faith to

contain nonpublic information entitled to protection under Federal Rule of Civil Procedure 26(c), including trade secrets, confidential research or development, commercial information, competitively sensitive financial or business information, protected personal identifying information, or nonpublic third-party information. Mass, blanket, or routinized designations are prohibited. If protection is warranted only for a portion of a document or response, only that portion shall be designated when reasonably practicable. Only documents or discovery responses that are stamped or designated "CONFIDENTIAL", or when authorized as provided below, "CONFIDENTIAL ATTORNEYS' EYES ONLY", shall be entitled to treatment under this Order. All properly designated information shall be used only for purposes of litigation between the parties, and for no other purpose, including but not limited to any other future project.

2. With respect to deposition transcripts and exhibits, the producing party or that party's counsel may indicate on the record that a question calls for Confidential Information, in which case the transcript of the designated testimony shall be marked accordingly by the reporter. Alternatively, with respect to deposition transcripts and exhibits, no later than ten (10) business days following receipt of the transcript from the reporter, the producing party or that party's counsel may identify, by page and line number, testimony to be designated Confidential, in which case the transcript of the designated testimony shall be marked accordingly by the reporter. Unless otherwise agreed by all parties, transcripts shall be treated as Confidential for ten (10) business days following receipt of the transcript from the reporter. Deposition testimony may be treated as Confidential Attorneys' Eyes Only only by written agreement of the affected parties or prior order of the Court under the procedure below.

3. Except with the prior written consent of the designating party or non-party, or upon prior order of this Court obtained upon notice to the designating party or non-party, Confidential Information shall not be disclosed to any person other than:

(a) The parties of record, counsel of record, and employees of such counsel to whom it is necessary that the material be shown for purposes of this litigation;

(b) Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached as Exhibit 1;

(c) Any authors or addressees of the Confidential Information;

(d) The Court, court personnel, court reporters, jury, any other trier of fact, or any person chosen to mediate this action;

(e) Any other person whose testimony is taken or is to be taken in this litigation, except that such a person may only be shown Confidential Information during his or her testimony and in preparation for it and only to the extent necessary for such preparation and testimony and only after being advised by counsel of this Order, its meaning and purpose; and

(f) Third party vendors retained to copy, reproduce, or store discovery materials.

4. Confidential Attorneys' Eyes Only Information is a narrowly limited subset of Confidential Information where disclosure to a party representative would create a substantial risk of serious competitive harm that could not reasonably be avoided

by the Confidential designation alone. A producing party may not impose that designation unilaterally. Before producing material for which such treatment is sought, the producing party shall identify the specific material or narrowly defined category, provide a particularized written explanation of the claimed competitive harm, and confer in good faith with the receiving party. Attorneys' Eyes Only treatment becomes effective only upon written agreement of the affected parties or entry of an order of the Court upon a particularized showing of good cause. If agreement is not reached, the producing party must, within fourteen (14) days after the particularized written explanation is provided, seek protection from the Court and bears the burden of showing that Confidential treatment is inadequate. The party opposing that designation has fourteen (14) days to respond to the motion seeking protection. Pending resolution, the material shall be treated as Confidential and may be disclosed to outside counsel, but shall not be disclosed to a party representative if the producing party has provided the required particularized written explanation and timely sought protection from the Court. The designation may not be based on inconvenience, embarrassment, litigation sensitivity, or the possibility that the information may assist the opposing party. Nothing in this paragraph excuses timely production. If authorized, Confidential Attorneys' Eyes Only Information shall not be disclosed to any person other than:

(a) The counsel of record and their employees whose assistance is reasonably necessary for litigation between the parties;

(b) The Court, court personnel, court reporters, jury, any other trier of fact, or any person chosen to mediate this action;

(c) Any person retained by a party to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person has first executed a non-disclosure agreement in the form attached as Exhibit 1; and

(d) Third party vendors retained to copy, reproduce, or store discovery materials.

5. The Court may authorize disclosure of Confidential Attorneys' Eyes Only Information to a party representative when necessary for that party to understand, direct, or participate meaningfully in the litigation.

6. All information and/or data at any time contained on, produced with, or obtained from the engineering platform Procore, including, but not limited to, any and all engineering designs or information contained therein, shall be automatically designated Confidential. The designation of any items on Procore as Confidential Attorneys' Eyes Only must follow the procedures for designating information as such as described above. During the pendency of this litigation, to the extent Defendants / Counter-Plaintiff still have access to materials on Procore, they shall restrict access to Procore and any and all data contained therein to counsel of record, as well as party representatives and employees of parties who are necessary to allow counsel of record to effectively litigate this case, which will be determined at the good faith discretion of counsel of record, solely for the purposes of litigating the present matter and for no other purposes, including but not limited to any other future project.

7. Any persons receiving Confidential or Confidential Attorneys' Eyes Only Information shall not reveal to or discuss such information with any person who is not

entitled to receive such information, except as set forth herein.

8. If any party desires that materials containing Confidential or Confidential Attorneys' Eyes Only Information be filed with the Court, that party shall comply with the Federal Rules of Civil Procedure, the Court's Local Rules, Judge Lea's Standing Order and Civil Preferences, and/or any applicable filing procedures governing restricted or sealed filings. A confidentiality designation does not itself authorize filing under seal. The party seeking to file a Confidential document in the record should initially do so under seal and simultaneously file a motion stating whether the party believes the document should remain under seal. Any response to the motion must be filed within fourteen (14) days, and then the Court will determine if the document should remain under seal. *See Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 227 (6th Cir. 1996) (vacating a protective order to the extent it allowed the parties to determine for themselves what matters were filed under seal, stating that "[t]he District Court cannot abdicate its responsibility to oversee the discovery process and to determine whether filings should be made available to the public"). The party seeking to keep the Confidential document under seal bears the burden of establishing that sealing or redaction is warranted, and narrowly tailored redactions shall be used when adequate.

9. The restrictions and obligations of this Order shall not apply to any information that is public knowledge through no fault of any party to this Order; is lawfully obtained from a third party without a confidentiality obligation; or was publicly disclosed by the designating party without confidentiality restrictions.

10. If a party contends that any material is not entitled to designation as Confidential, such party may challenge that designation at any time by giving written

notice identifying the challenged material with reasonable specificity and briefly stating the basis for the challenge. The party or non-party who designated the material shall have seven (7) business days from the receipt of such written notice to respond unless the Court orders a shorter or longer time. The designating party must explain the specific basis for the designation, and for Attorneys' Eyes Only Information, why Confidential treatment is inadequate. If the challenge is not resolved, the designating party must move for a protective order within fourteen (14) days after an explanation is provided by the designating party. The challenging party may at any time apply to the Court for an order removing the designation of the material. The party or non-party who designated the material shall have fourteen (14) days to respond to such a motion unless the Court orders a shorter or longer time. Pursuant to relevant law, the designating party bears the burden of proving that the challenged material qualifies for the asserted protection.

11. Notwithstanding any challenge to the designation of material as Confidential, all documents or discovery responses so designated shall be treated as such and shall be subject to the provisions hereof unless and until one of the following occurs:

(a) The party or non-party who claims that the material is Confidential withdraws such designation in writing;

(b) The party or non-party who claims that the material is Confidential fails to provide an explanation to the challenging party or respond to a motion challenging a designation in the time described herein, at which time the challenged designation is removed automatically; or

(c) The Court rules the material is not entitled to protection as Confidential.

12. Since material can only be designated as Confidential Attorneys' Eyes Only by agreement or order of the Court, that designation likewise can only be removed by agreement or order of the Court.

13. The parties shall, within ninety (90) days after final disposition of all litigation between the parties, destroy all documents containing Confidential or Confidential Attorneys' Eyes Only Information produced by any other party or non-party, or, upon request of the producing party, shall return such information. Outside counsel may retain one archival copy of filed papers, transcripts, attorney work product, correspondence, expert materials, and exhibits, which shall remain subject to this Order. Within ninety (90) days of the conclusion of all litigation between the parties, the parties shall further provide written confirmation that all such information has been destroyed and/or returned.

14. Defendants / Counter-Plaintiff shall also, within thirty (30) days of the final disposition of all litigation between the parties: (1) return to Plaintiffs / Counter-Defendants all data related to projects of Plaintiffs/Counter-Defendants from Defendants / Counter-Plaintiff's instance of Procore, including, but not limited to, all engineering designs related to Plaintiffs/Counter-Defendants produced or contained on Procore and any access logs identifying who has accessed and/or downloaded information from Procore; (2) delete Defendants / Counter-Plaintiff's instance of Procore relating to Plaintiffs/Counter-Defendants in its entirety; and (3) confirm in writing to Plaintiffs / Counter-Defendants that (i) Defendants / Counter-Plaintiff have deleted their instance of Procore relating to Plaintiffs/Counter-Defendants, (ii) Defendants / Counter-Plaintiff have searched for and deleted all information contained on, produced with, or obtained

from Defendants / Counter-Plaintiff's instance of Procore relating to Plaintiffs/Counter-Defendants, and (iii) no individual, whether employed by Darana or not, has continuing access to any information contained on, produced with, or obtained from Defendants / Counter-Plaintiff's instance of Procore relating to Plaintiffs/Counter-Defendants.

15. The production of material protected by the attorney-client privilege, work product doctrine, or another privilege or immunity shall not constitute a waiver in this action or any other federal or state proceeding. Upon notice of an inadvertent production, the receiving party shall promptly sequester, return, or destroy the identified material and may submit it to the Court under seal solely for determination of the claim. This paragraph is intended to operate as an order under Federal Rule of Evidence 502(d) and does not prevent a challenge to the asserted privilege on grounds other than production itself.

16. Any non-party from which discovery is sought may be informed of and may obtain the protection of this Order by written advice to the non-party's respective counsel or by oral advice at the time of any deposition or similar proceeding. That non-party must agree to be subject to the same standards, limitations, designation procedures, and challenge procedures applicable to the parties. Designation of any non-party's material as Confidential Attorneys' Eyes Only Information is only allowed upon agreement of the non-party and all parties to this action or by following the procedure set forth above for obtaining Court approval.

17. Production of any Confidential or Confidential Attorneys' Eyes Only Information by a non-producing party in response to an apparently lawful subpoena, motion, or order of or in any court or other governmental agency in another action shall

not be deemed a violation of any of the terms of this Order. However, the party receiving such subpoena, motion, or order shall first promptly notify the producing party and, prior to production, if it can be done without placing the non-producing party in violation of the subpoena, motion, or order, shall give the producing party the opportunity to secure confidential treatment, whether by protective order or otherwise, for such materials upon terms comparable to those applicable to such materials under the terms of this Order and/or seek to block the production.

18. Any party may apply at any time to the Court for modification of, or an exception to, this Order.

19. This Order is effective immediately and will remain in effect pending any appeal relating to it, subject to any contrary orders of an appellate court. This Court shall retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

IT IS SO ORDERED on this the 29th day of October 2026.

s/*Brian C. Lea*
HON. BRIAN C. LEA
U.S. DISTRICT COURT JUDGE

# EXHIBIT 1

**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE**

| | |
|---|---|
| X.AI LLC, CTC PROPERTY LLC, and MZX TECH LLC,<br><br>Plaintiffs,<br><br>v.<br><br>DARANA HYBRID, INC., CUTTELL MOTORSPORTS, LLC d/b/a INTERNATIONAL HOT ROD ASSOCIATION, and DARRYL CUTTELL,<br><br>Defendants. | Civil Action No. 2:26-cv-02994<br>Judge Brian C. Lea |
| DARANA HYBRID, INC.,<br><br>Counter-Plaintiff,<br><br>v.<br><br>CTC PROPERTY LLC and MZX TECH LLC,<br><br>Counter-Defendants. | |

**ACKNOWLEDGMENT OF PROTECTIVE ORDER**

I, ________________________________, acknowledge that I have read and understand the Protective Order in these actions governing the non-disclosure of information that has been designated as "Confidential" or "Confidential Attorneys' Eyes Only" Information. I agree that I will not disclose such information to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Western District of Tennessee for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

DATED: ________________ By: ________________________________