**UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

---

**X.AI LLC, CTC PROPERTY, LLC, and MZX TECH, LLC,**

**Plaintiffs,**

**v.** **No. 2:26-cv-02994-BCL-atc**

**DARANA HYBRID, INC., CUTTELL MOTORSPORTS, LLC d/b/a INTERNATIONAL HOT ROD ASSOCIATION, and DARRYL CUTTELL,**

**Defendants.**

---

**DARANA HYBRID, INC.,**

**Consolidated Plaintiff,**

**v.** **No. 2:26-cv-03037-BCL-atc**

**CTC PROPERTY, LLC, and MZX TECH, LLC**

**Consolidated Defendants.**

---

**DEFENDANTS DARRYL CUTTELL AND CUTTELL MOTORSPORTS, LLC d/b/a INTERNATIONAL HOT ROD ASSOCIATION'S REPLY IN SUPPORT OF PARTIAL MOTION TO DISMISS PLAINTIFFS' AMENDED COMPLAINT**

---

## I. PRELIMINARY STATEMENT

Counts Six, Seven, and Eight fail to state claims upon which relief can be granted against Cuttell. Count Seven also fails against Defendant Cuttell Motorsports, LLC d/b/a International Hot Rod Association ("IHRA"). And Plaintiffs do not plead that Defendant Darryl Cuttell ("Cuttell") personally entered into or breached the Master Services Agreement ("MSA") for Counts One, Two, Four, Five, Nine, and Ten.

In their Opposition, Plaintiffs do not address those claim-specific pleading defects. They instead argue that the Amended Complaint adequately pleads veil piercing and that Defendant Darana Hybrid, Inc.'s ("Darana") conduct may therefore be attributed to Cuttell "across the board." Resp. [D.E. 61] at 11-14. As to IHRA, Plaintiffs point to one allegation that third-party customer interest generated profits from alleged trademark use. Resp. [D.E. 61] at 14. Plaintiffs are wrong.

Veil piercing may provide a means to impose an adequately pleaded corporate liability on a shareholder. It does not supply a missing element of the underlying claim. Plaintiffs' own authority confirms the sequence: a shareholder may be liable for corporate fraud only when the allegations against the corporation "otherwise satisfy Rule 9(b)." Resp. [D.E. 61] at 12. The Court must first decide whether the Amended Complaint states the claim Plaintiffs seek to attribute. It does not.

The Court need not conduct a factor-by-factor veil-piercing analysis to decide this Motion. Even assuming for present purposes that Plaintiffs may pursue that theory in discovery, Count Eight still does not plead fraudulent intent when the alleged promise was made; Count Six still does not allege that Cuttell exercised dominion over the payment; Count Seven still does not allege

that Cuttell received a benefit from Plaintiffs; and paragraph 103 still does not allege that Plaintiffs conferred a benefit on IHRA. The Opposition argues around those defects rather than curing them.

## II. ARGUMENT

### A. VEIL PIERCING DOES NOT ELIMINATE THE REQUIREMENT TO PLEAD AN UNDERLYING CLAIM.

Plaintiffs call veil piercing a "complete response" to the Motion. Resp. [D.E. 61] at 11-14. It is not. Tennessee law treats veil piercing as a means of attributing a corporation's actions or liabilities, not as an independent source of substantive liability. *CAO Holdings, Inc. v. Trost*, 333 S.W.3d 73, 88 (Tenn. 2010). Before liability may be attributed, the Amended Complaint must plead the corporate wrong and the elements of the claim being asserted.

Plaintiffs' cited cases follow that rule. Their fraud cases separately analyze whether the corporate fraud satisfies Rule 9(b) and whether veil piercing is plausibly alleged. Resp. [D.E. 61] at 12. Their conversion and unjust-enrichment cases concern attribution of an established judgment or an adequately pleaded corporate liability. Resp. [D.E. 61] at 13. None holds that veil piercing dispenses with fraudulent intent, personal dominion, receipt of a benefit, or any other element of the underlying cause of action.

Nor does the factual nature of veil piercing make the underlying claims immune from Rule 12(b)(6). *Youree v. Recovery House of East Tennessee, LLC*, 705 S.W.3d 193, 211-14 (Tenn. 2025), confirms that pleading sufficiency remains a judicial question. Defendants therefore assume the veil-piercing theory for purposes of this reply, without conceding any arguments as to its applicability to this case and reserve all arguments on that issue. The question here is whether the pleaded claims are sufficient in the first instance.

That question matters because two routes lead to Cuttell, and the Opposition blends them. The first is direct liability: that Cuttell personally took, directed, or participated in the alleged

wrong, or personally received the benefit at issue. The second is derivative liability: that, if the corporate veil is pierced, Darana's conduct and benefit are treated as Cuttell's. The Motion challenges the first route on the facts actually pleaded in each count. As to the second, Defendants assume veil piercing only for the purposes of this motion, and will show it is inapplicable after discovery, such that they ask only that any surviving claim be confined to derivative liability.

## B. COUNT EIGHT FAILS TO STATE A FRAUD CLAIM AGAINST CUTTELL

### 1. The Underlying July 2 Fraud Theory Remains Deficient.

Plaintiffs argue that veil piercing makes Cuttell liable for Darana's alleged fraud because the allegations against Darana satisfy Rule 9(b). Resp. [D.E. 61] at 12. The premise is wrong. The July 2 theory does not adequately plead fraud against Darana.

The Amended Complaint alleges that Darana's counsel responded, "This is agreeable," to conditions on a $44.39 million payment and then states that Darana had "no contemporaneous intent to comply." Am. Compl. at ¶ 124. Plaintiffs rely on Rule 9(b)'s statement that intent may be alleged generally and on alleged assurances from July 14 and 15 followed by a July 17 disclosure that the payment had been used differently. Resp. [D.E. 61] at 7-9; Am. Compl. at ¶¶ 126-27.

Those later events may describe nonperformance. They do not allege that the funds had already been diverted, that contrary instructions had been issued, or that Darana had decided not to perform when the July 2 statement was made. Rule 9(b) does not require the Court to accept a conclusion without factual context, and Rule 8 still requires plausibility. *Ashcroft v. Iqbal*, 556 U.S. 662, 686-87 (2009); *Greer v. Strange Honey Farm, LLC*, 114 F.4th 605, 613-15 (6th Cir. 2024). Tennessee promissory-fraud law likewise requires a present intent not to perform; later nonperformance is not enough. *Fowler v. Happy Goodman Family*, 575 S.W.2d 496, 499 (Tenn.

1978); *Isaac v. Center for Spine, Joint & Neuromuscular Rehabilitation, P.C.*, 2011 WL 2176578, at *6 (Tenn. Ct. App. June 1, 2011).

Because the underlying July 2 theory is deficient, veil piercing cannot revive it against Cuttell. The same is true of the billing-based fraud theories for the reasons stated in Darana's reply: they remain the MSA billing disputes recast in tort language. *See* Reply [D.E. 62] at 3-5.

2. Count Eight Identifies no Statement or Participation by Cuttell.

Count Eight also fails independently as pleaded against Cuttell. Every representation, statement, act, and state of mind in Count Eight is attributed to Darana. Am. Compl. at ¶¶ 220-28. The Amended Complaint does not allege that Cuttell made the July 2 statement, prepared a disputed timesheet, directed a project code, instructed counsel, or knew of a particular misrepresentation when it was made.

The Opposition identifies no contrary allegation. It answers only that veil piercing permits imputation. Resp. [D.E. 61] at 12. But Plaintiffs' own formulation requires that the allegations against Darana first satisfy Rule 9(b), and they do not. Count Eight should be dismissed as to Cuttell.

**C. COUNT SIX FAILS TO STATE A CONVERSION CLAIM AGAINST CUTTELL**

Plaintiffs argue that a shareholder may be held liable for a corporation's conversion after the veil is pierced. Resp. [D.E. 61] at 13. That does not cure the allegations in Count Six.

Conversion requires an intentional exercise of dominion over another's property in defiance of the owner's rights. *PNC Multifamily Capital Institutional Fund XXVI Ltd. Partnership v. Bluff City Community Development Corp.*, 387 S.W.3d 525, 553 (Tenn. Ct. App. 2012). The operative allegations state that Darana induced and received the payment, appropriated it "for Darana's own use and benefit," and exercised dominion over it. Am. Compl. at ¶¶ 207-11. None

alleges that Cuttell possessed the funds, directed their disposition, exercised dominion over them, or appropriated them for himself.

Plaintiffs' out-of-state veil-piercing cases concern who may ultimately answer for an established corporate conversion. They do not plead the missing element here. The Court should dismiss any direct conversion claim against Cuttell. At most, any potential liability must remain derivative and contingent on Plaintiffs first establishing an adequately pleaded conversion by Darana and a basis to pierce its veil. Any derivative conversion claim also fails if Count Six fails against Darana for the reasons stated in Part I.B of Darana's reply. *See* Reply [D.E. 62] at 5-6.

### D. COUNT SEVEN FAILS TO STATE AN UNJUST-ENRICHMENT CLAIM AGAINST CUTTELL

Plaintiffs again answer a claim-specific defect with veil piercing. They cite cases in which courts imposed an established unjust-enrichment judgment on an alter ego. Resp. [D.E. 61] at 13. Those cases do not eliminate the requirement that the particular defendant receive and appreciate a benefit at the plaintiff's expense. See *Freeman Industries, LLC v. Eastman Chemical Co.*, 172 S.W.3d 512, 525 (Tenn. 2005).

Count Seven alleges that Darana accepted and retained Plaintiffs' payments, that "Darana was unjustly enriched," and that Darana should disgorge monies paid to it. Am. Compl. at ¶¶ 213-18. Cuttell is absent from those operative allegations. Common ownership does not itself allege that Cuttell received or appreciated Plaintiffs' money, and a benefit allegedly received by a corporation is not automatically a personal benefit to its shareholder. Nor does the Amended Complaint allege that Darana made distributions to Cuttell or that any other portion of Plaintiffs' payments reached him.

Count Seven should therefore be dismissed as pleaded against Cuttell. At minimum, any potential claim must be limited to derivative liability contingent on proof that Darana was unjustly enriched and that its veil may be pierced.

### E. COUNT SEVEN FAILS TO STATE AN UNJUST-ENRICHMENT CLAIM AGAINST IHRA.

As to IHRA, Plaintiffs point to paragraph 103, which alleges that third-party customer interest generated profits because of a supposed perception that x.AI sponsored or supported IHRA. Resp. [D.E. 61] at 14. That allegation does not plead the unjust-enrichment claim asserted in Count Seven.

Count Seven concerns amounts CTC and MZX allegedly paid to Darana and seeks disgorgement of "all monies paid to Darana." Am. Compl. at ¶¶ 213-18. Paragraph 103 does not allege that CTC or MZX conferred customer payments on IHRA, that IHRA received any part of Plaintiffs' payments, or that IHRA retained a benefit at Plaintiffs' expense. The alleged benefit came from unidentified third-party customers.

Defendants do not seek dismissal of the separate Lanham Act claim in Count Three.[1] But a trademark allegation involving third-party customer interest does not supply the benefit-from-Plaintiffs element missing from Count Seven. The unjust-enrichment claim against IHRA should be dismissed.

[1] Defendants want to make clear that though they do not seek dismissal of the Lanham Act claim on a Rule 12(b)(6) basis, it is without merit. Rather, the proof showing such is outside the Amended Complaint. However, due to Plaintiffs inexplicable emphasis of a claim that Defendants are not seeking dismissal of, Defendants feel compelled to at least inform that Court that, on September 24, 2026, they sent clear evidence of Plaintiffs specifically authorizing and directing the alleged infringing behavior in Count Three of the Amended Complaint and asked them to withdraw the claim. Plaintiffs never responded and instead appear to be completely ignoring that evidence and emphasizing a claim that by all accounts should be withdrawn.

### F. THE CONTRACT COUNTS SHOULD BE LIMITED TO THE DERIVATIVE THEORY PLAINTIFFS ACTUALLY DEFEND

Plaintiffs' Opposition confirms that their theory against Cuttell on Counts One, Two, Four, Five, Nine, and Ten is derivative alter-ego liability. Resp. [D.E. 61] at 12-13. They do not contend that Cuttell executed the MSA as Contractor in his individual capacity, identify a contractual promise he made personally, or allege that he filed the Mississippi action at issue in Count Ten.

The Court need not decide the ultimate veil-piercing question now to narrow the pleadings. It should dismiss any direct contract theory against Cuttell. If veil piercing remains for factual development, any potential contract liability should be limited to liability derivative of an MSA breach first established against Darana. The same limitations and defenses applicable to Darana – including MZX's lack of contractual standing, duplication of the contract counts, and the forum-selection issue – necessarily apply to the derivative theory against Cuttell.

## III. CONCLUSION

Cuttell and IHRA respectfully request that the Court grant their Partial Motion to Dismiss and: (1) dismiss Count Eight as to Cuttell; (2) dismiss Count Six's direct conversion claim against Cuttell; (3) dismiss Count Seven as to Cuttell and IHRA; and (4) dismiss the direct contract claims against Cuttell or limit them to derivative alter-ego liability contingent on Plaintiffs establishing an underlying MSA liability against Darana and a basis to pierce the corporate veil. The Court can grant that relief without resolving the ultimate factual sufficiency of Plaintiffs' veil-piercing theory.

Respectfully submitted,

**GLANKLER BROWN, PLLC**

By: /s/ *S.T. Rayburn*
Jeremy G. Alpert (TN #19277)
Ross E. Webster (TN #24784)
S.T. Rayburn (TN #041634)
6000 Poplar Avenue, Ste. 400
Memphis, Tennessee 38119
(901) 525-1322
jalpert@glankler.com
rwebster@glankler.com
srayburn@glankler.com

and

Marc A. Sanchez (admitted *pro hac vice*)
Andrew M. Hanna (admitted *pro hac vice*)
FRANTZ WARD LLP
200 Public Square, Ste. 3000
Cleveland, OH 44114
(216) 515-1660
msanchez@frantzward.com
ahanna@frantzward.com

*Attorneys for Defendants*
*Darana Hybrid, Inc.,*
*Cuttell Motorsports, LLC d/b/a*
*International Hot Rod Association*
*and Darryl Cuttell*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the foregoing document was served upon the following counsel of record, via email and/or the Court's electronic filing system to all counsel of record, this 12th day of November, 2026.

/s/ *S.T. Rayburn*